UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF TEXAS
MIDLAND DIVISION

| | | |
|---|---|---|
| VICTOR BOSCAN MORALES, Individually and On Behalf of All Others Similarly Situated | § § § § | |
| *Plaintiff,* | § § | |
| v. | § | No. 7:26-CV-00182 |
| | § | |
| RSR PARTNERS, LLC, D/B/A G+R POWER SOLUTIONS AND HENRY GRATEROL, | § § § § | |
| *Defendants.* | § | |

**PLAINTIFF VICTOR BOSCAN MORALES'S ORIGINAL COMPLAINT**

Plaintiff Victor Boscan Morales (referred to as "Morales" or "Plaintiff") brings this action under 29 U.S.C. § 216(b) individually and on behalf of all current and former employees of Defendants RSR Partners LLC d/b/a G+R Power Solutions (referred to as "G+R Power") and Henri Graterol (referred to as "Graterol") (collectively referred to as "Defendants") to recover lost wages, liquidated damages, attorney's fees and costs and under the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201-219 ("FLSA") and for retaliation in violation of 29 U.S.C. § 215(a)(3).

**I. Nature of Suit**

1. Plaintiff's claims arise under the FLSA.

2. The FLSA was enacted to eliminate "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers . . . ." 29 U.S.C. § 202(a).

3. To achieve its humanitarian goals, the FLSA defines appropriate pay deductions and sets overtime pay, minimum wage and recordkeeping requirements for covered employers. 29 U.S.C. §§ 206(a), 207(a), 211(c).

4. Defendants violated the FLSA by employing Plaintiff and other similarly situated employees "for a workweek longer than forty hours [but refusing to compensate them] for [their] employment in excess of [forty] hours … at a rate not less than one and one-half times the regular rate at which [they were or are] employed." 29 U.S.C. §207(a)(1).

5. Defendants violated the FLSA by failing to maintain accurate time and pay records for Plaintiff and other similarly situated employees as required by 29 U.S.C. § 211(c) and 29 C.F.R. pt. 516.

6. Defendants also violated the FLSA by discharging Plaintiff after he complained about Defendants' failure to pay overtime wages. 29 U.S.C. § 215(a)(3).

7. Defendants willfully violated the FLSA because they knew or showed a reckless disregard for whether their conduct was unlawful.

8. Plaintiff brings this action under 29 U.S.C. § 216(b), individually and on behalf of all other similarly situated current and former employees of Defendants, to recover unpaid wages, including overtime.

## II. Jurisdiction & Venue

9. This action arises under a federal statute, the FLSA. 28 U.S.C. § 1331 (federal-question jurisdiction).

10. Venue is proper in this district and division pursuant to 28 U.S.C. § 1391(b), (2) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in the Midland Division of the Western District of Texas.

## III. Parties

11. Victor Boscan Morales is an individual who resides in Midland, Texas and who was employed by Defendants during the last three years.

12. RSR Partners LLC d/b/a G+R Power Solutions is a Texas limited liability company that may be served with process by serving its registered agent:

Northwest Registered Agent, LLC.
5900 Balcones Drive STE 100
Austin, Texas 78731

Alternatively, if the registered agent of G+R Power cannot with reasonable diligence be found at the company's registered office, G+R Power may be served with process by serving the Texas Secretary of State. *See*, Tex. Bus. Org. Code §§ 5.251-5.254; *see also*, Tex. Civ. Prac. & Rem. Code § 17.026.

13. Defendant Henry Graterol is an individual who resides in Fort Bend County, Texas and who may be served with process at:

5810 Painted Plaint
Fulshear, TX 77441

or wherever he may be found. Alternatively, Graterol may also be served with process pursuant to Tex. Civ. Prac. & Rem. Code § 17.021 by serving an agent or clerk employed at his office or place of business because this action grows out of or is connected with the business he transacts in this state.

14. An allegation that Defendants committed any act or omission should be construed to mean the company's officers, directors, vice-principals, agents, servants or employees committed such act or omission and that, at the time such act or omission was committed, it was done with the full authorization, ratification or approval of Defendants or was done in the normal course and scope of employment of Defendants' officers, directors, vice-principals, agents, servants or employees.

## IV. Facts

15. G+R Power and Graterol provide specialized equipment and engineered solutions for the energy industry, focusing on drilling, well completions, and high-capacity power generation. *See*, generally, G+R Power Solutions, https://www.gnrpowersolutions.com/products (last visited April 20, 2026).

16. G+R Power and Graterol do business in the territorial jurisdiction of this Court.

17. Defendants employed Plaintiff as an Electrical Technician from approximately May 2025 through February 2026.

18. Henry Graterol, the owner and chief executive officer of Defendant G+R Powe was also Plaintiff's employer—and individually liable to him for the FLSA violations described below—because he: (1) had the authority to hire and fire G+R Power employees, including

Plaintiff; (2) supervised or controlled G+R Power employee schedules or conditions of employment, including Plaintiff's schedule and/or conditions of employment; (3) determined the rate or method of payment for G+R Power employees, including Plaintiff; and/or (4) maintained G+R Power employee records, including Plaintiff's records.

19. As an Electrical Technician, Plaintiff was not exempt from the maximum hour requirements of the FLSA.

20. As an Electrical Technician, Plaintiff's primary duties were nonexempt.

21. As an Electrical Technician, Plaintiff's primary duties were not directly related to the management or general business operations of Defendants or its customers.

22. As an Electrical Technician, Plaintiff's primary duties did not differ substantially from the duties of traditionally nonexempt hourly workers.

23. As an Electrical Technician, Plaintiff did not, in performing his primary duties, regularly exercise discretion and independent judgment with respect to matters of significance.

24. As an Electrical Technician, Plaintiff was, instead, required to follow Defendants' policies, practices, and procedures.

25. As an Electrical Technician, Plaintiff did not have any independent authority to deviate from Defendants' policies, practices, and procedures.

26. During Plaintiff's employment with Defendants, he was engaged in commerce or in the production of goods for commerce.

27. During Plaintiff's employment with Defendants, the company had employees engaged in commerce or in the production of goods for commerce.

28. During Plaintiff's employment with Defendants, the company had employees handling, selling or otherwise working on goods or materials that had been moved in or produced for commerce by others.

29. During Plaintiff's employment with Defendants, the company had an annual gross volume of sales made or business done of at least $500,000.

30. Defendants paid Plaintiff on a fixed salary basis.

31. During Plaintiff's employment with Defendants, he regularly worked in excess of forty hours per week.

32. More specifically, Plaintiff regularly worked a minimum of twelve and sixteen hours per day, six to seven days a week.

33. Defendants knew or should have known that Plaintiff worked in excess of forty hours per week.

34. Defendants did not pay Plaintiff for the hours he worked in excess of forty per week "at a rate not less than one and one-half times the regular rate at which they [were] employed." 29 U.S.C. § 207(a)(1).

35. Instead, Defendants paid Plaintiff a fixed salary regardless of the number of hours he worked in a workweek.

36. In other words, Defendants paid Plaintiff for his overtime at a rate less than one and one-half times the regular rate at which this was employed in violation of the FLSA.

37. Plaintiff was not exempt from the maximum hour requirements of the FLSA.

38. Defendants knew or should have known that Plaintiff was not exempt from the maximum hour requirements of the FLSA.

39. Defendants willfully violated the FLSA because it knew or showed a reckless disregard for whether its pay practices were unlawful.

40. During Plaintiff's employment with Defendants, the company did not maintain accurate time and pay records for Plaintiff as required by 29 U.S.C. § 211(c) and 29 C.F.R. pt. 516.

41. Plaintiff complained to Defendants, through manager Anderson Rojas, about not being paid overtime for all of the hours that he worked.

42. When Plaintiff complained about the unpaid overtime, Anderson Rojas told him, in substance, that if he did not like the way he was being paid, he should gather his things and leave.

43. In retaliation for complaining about unpaid overtime, Defendant immediately terminated Plaintiff.

44. Defendants continued the pay practice(s) complained of by Plaintiff without investigation after being put on notice that the pay practice(s) violated the FLSA.

45. Because Defendants willfully violated the FLSA, the company is liable to Plaintiff for any FLSA violations that occurred during the last three years. 29 U.S.C. § 255(a).

46. As a result of the FLSA violation(s) described above, Defendants are liable to Plaintiffs for back wages, liquidated damages and attorney's fees and costs. 29 U.S.C. § 216(b).

47. All current and former Electrical Technicians and all other similarly situated nonexempt employees of Defendants during the last three years are similarly situated to Plaintiff because they (1) have similar job duties; (2) regularly worked or work in excess of forty hours per week; (3) were or are paid on a salary or similar basis and were or are not paid overtime for the hours they worked or work in excess of forty per week as required by 29 U.S.C. § 207(a)(1); and (4) are entitled to recover unpaid overtime wages, liquidated damages, attorney's fees, and costs from Defendants under 29 U.S.C. § 216(b).

## V. Count One—
## Failure to Pay Overtime in Violation of 29 U.S.C. § 207

48. Plaintiff adopts by reference all of the facts set forth above. See, Fed. R. Civ. P.10(c).

49. During Plaintiff's employment with Defendants, he was a nonexempt employee.

50. As a nonexempt employee, Defendants were legally obligated to pay Plaintiff "at a rate not less than one and one-half times the regular rate at which they [were] employed[]" for the hours he worked in excess of forty per week. 29 U.S.C. § 207(a)(1).

51. Defendants did not pay Plaintiff "at a rate not less than one and one-half times the regular rate at which he [was] employed[]" as required by 29 U.S.C. § 207(a)(1).

52. Instead, Defendants paid Plaintiffs a fixed salary regardless of the number of hours he worked in a workweek.

53. If Defendants classified Plaintiff as exempt from the overtime requirements of the FLSA, he was misclassified because no exemption excuses the company's noncompliance with the overtime requirements of the FLSA.

54. As a result of the FLSA violation(s) described above, Defendants are liable to Plaintiff for back wages equal to the difference between what the company should have paid and what it actually paid.

## VI. Count Two—
## Willful Violation of the FLSA Under 29 U.S.C. § 255(a)

55. Plaintiff adopt by reference all of the facts set forth above. *See*, Fed. R. Civ. P. 10(c).

56. Defendants willfully violated the FLSA because they knew or showed a reckless disregard for whether its pay practices were unlawful.

57. Defendants failed to maintain accurate time and pay records and failed to post an FLSA notice.

58. Defendants continued the pay practice(s) complained of by Plaintiff without investigation after being put on notice that the pay practices(s) violated the FLSA.

59. Because Defendants willfully violated the FLSA, they are liable to Plaintiff for any FLSA violations that occurred during the last three years. 29 U.S.C. § 255(a).

## VII. Count Three—
## Collective Action Allegations Under 29 U.S.C. § 216(b)

60. Plaintiff adopts by reference all of the facts set forth above. *See*, Fed. R. Civ. P. 10(c).

61. According to information and belief, other employees of Defendants have been victimized by the FLSA violation(s) described above.

62. These employees are similarly situated to Plaintiff because, during the relevant time period, they held similar positions, were compensated in a similar manner and were denied overtime wages at one and one-half times their regular rates for hours worked over forty in a workweek.

63. Defendants' unlawful policies or practices, which are described above, are generally applicable policies or practices and do not depend on the personal circumstances of the putative class members.

64. Since Plaintiff's experience is typical of the experiences of the putative class members, collective action treatment is appropriate. *See*, 29 U.S.C. § 216(b).

65. All employees of Defendants, regardless of their rates of pay, job titles or precise job locations who were paid at a rate less than one and one-half times the regular rates at which they were employed for the hours that they worked over forty in a workweek are similarly situated. Although the issue of damages may be individual in character, there is no detraction from the common nucleus of liability facts.

66. For these reasons, Plaintiff requests that the Court certify this case as a collective action under 29 U.S.C. § 216(b) and authorize notice regarding its pendency and the right to join it to the following class:

> All Electrical Technicians and all other similarly situated nonexempt employees of Defendants during the last three years at any location in the United States who worked more than forty

hours in any one or more workweeks and who were paid on a salary basis for all hours worked.

67. Defendants are liable to Plaintiff and the putative class members for back wages equal to the difference between what the company should have paid and what it actually paid.

68. Plaintiff has retained counsel who is well-versed in FLSA collective action litigation and who are prepared to litigate this matter vigorously on behalf of them and all other putative class members.

## VIII. Count Four—
## FLSA Retaliation in Violation of 29 U.S.C. § 211(a)(3)

69. Plaintiff adopts by reference all of the facts set forth above. *See*, Fed. R. Civ. P. 10(c).

70. The FLSA prohibits any person from discharging or in any other manner discriminating against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to the FLSA. 29 U.S.C. §215(a)(3).

71. In addition to the pay violations described above, Defendants violated the FLSA by retaliating against Plaintiff after he complained about his unpaid overtime.

72. During his employment, Defendants did not pay Plaintiff for all of the overtime that he worked.

73. Plaintiff complained to Defendants, through manager Anderson Rojas, about the pay issues.

74. Rojas responded by telling Plaintiff, in substance, that if he did not like the way he was being paid, he should gather his things and leave.

75. In retaliation, Defendants immediately terminated Plaintiff.

76. As a result, Defendants are liable to Plaintiff for such legal or equitable relief as may be appropriate to effectuate the purposes of the anti-retaliation provisions of the FLSA, including without limitation employment, reinstatement, promotion, and the payment of wages lost and an additional equal amount as liquidated damages. 29 U.S.C. § 216(b).

## IX. Count Five—
## Liquidated Damages, Attorney's Fees & Costs Under 29 U.S.C. § 216(b)

77. Plaintiff adopts by reference all of the facts set forth above. *See*, Fed. R. Civ. P. 10(c).

78. Plaintiff is authorized to recover liquidated damages on his claims by statute. 29 U.S.C. § 216(b).

79. Plaintiff is authorized to recover attorney's fees and costs on his claims by statute. 29 U.S.C. § 216(b).

80. Plaintiff has retained the professional services of the undersigned attorneys.

81. Plaintiff has complied with the conditions precedent to recovering attorney's fees and costs.

82. Plaintiff has incurred or may incur attorney's fees and costs in bringing this lawsuit.

83. The attorney's fees and costs incurred or that may be incurred by Plaintiff were or are reasonable and necessary.

84. Defendants are liable to Plaintiff for liquidated damages, attorney's fees and costs by reason of the FLSA violations described above. 29 U.S.C. § 216(b).

## X. Relief Sought

85. Plaintiff demands the following relief:

a. an order allowing this action to proceed as a collective action under 29 U.S.C. § 216(b);

b. an incentive award for Victor Boscan Morales for serving as class representative if the Court allows this action to proceed as a collective action under 29 U.S.C. § 216(b);

c. judgment against G+R Power Solutions and Henry Graterol in Plaintiffs' favor both individually and on behalf of the putative class members for back wages, liquidated damages and attorney's fees, plus interest and costs; and

d. all other relief and sums that may be adjudged against G+R Power Solutions and Henry Graterol in Plaintiff's favor both individually and on behalf of the putative class members.

Respectfully Submitted,

MOORE & ASSOCIATES
Lyric Centre
440 Louisiana Street, Suite 1110
Houston, Texas 77002-1063
Telephone: (713) 222-6775
Facsimile: (713) 222-6739

By: /s/ Melissa Moore

Melissa Moore
State Bar No. 24013189
melissa@mooreandassociates.net
Curt Hesse
State Bar No. 24065414
curt@mooreandassociates.net

**ATTORNEYS FOR PLAINTIFF VICTOR BOSCAN MORALES**